IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LIESA BROWN, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-0181-CV-W-DW-SSA |
| JO ANNE B. BARNHART, | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Liesa Brown seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and for supplemental security income (SSI) benefits.

Since the complete facts and arguments are presented in parties' briefs, they will be discussed herein only as necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000)

The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir.

1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Determinations of credibility by the ALJ are granted deference so long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). If the Court finds two inconsistent positions present in the evidence, including one matching the Commissioner's findings, the Court must affirm the decision of the Commissioner. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

## Functional Demands of Prior Work Activity

Despite Plaintiff's argument otherwise, the ALJ properly "consider[ed] the functional demands of Brown's prior work." In determining the functional demands, the ALJ relied on, and found credible, the testimony of the Vocational Expert. Zeiler v. Barnhart, 384 F.3d 932, 936 (8th Cir. 2004)(ALJ properly relied on Plaintiff's own description of her past duties in making findings as the demands of prior work). The Vocational Expert testified that Claimant could return to the jobs of volunteer coordinator, prevention counselor or billing clerk. The Vocational Expert also testified that these jobs require only sedentary level exertion. Accordingly, the ALJ's decision of the functional demands of Claimant's prior work activity are supported by substantial evidence on the record.

## Residual Functional Capacity

Plaintiff also argues that the ALJ did not use the correct standards in determining Claimant's Residual Functional Capacity. Specifically, Claimant states that the ALJ (1) failed to consider the functional restrictions imposed by Brown's mental impairments and (2) failed to identify "any functional restrictions imposed by" Claimant's medical impairments.

The ALJ properly considered and discredited the functional restrictions imposed by Brown's mental impairments. First, the ALJ discredited Plaintiff's credibility, including her statements as to her mental impairments. See Russell v. Sullivan, 950 F. 2d 542, 5454 (8th Cir. 1991). The ALJ found that Claimant's statements contained a number of discrepancies and lacked supportive medical findings. Specifically, the record contains notations from doctors stating that Claimant's mental status was normal and that she could return to work all be it with lower capacity intellectual tasks. The ALJ also found that Plaintiff's mental complaints were contradicted by the fact that she home schooled her daughter.

Second, the ALJ accepted the testimony of Dr. Pomerantz and found that "[m]entally, there are no established limitations secondary to a non-severe personality disorder." Dr. Poermantz testified that Claimant's restrictions would be in the "mild range." The ALJ also noted that this conclusion was further supported by records submitted after the hearing showing Claimant had normal mental status and insight. Indeed, the doctor's report on that date shows that he found Claimant to have "normal orientation, memory attention, span and concentration." The doctor also noted that Claimant had "normal mental status, judgment and insight." Accordingly, the ALJ's decision that claimant was not restricted by her mental impairments is supported by substantial evidence on the record.

Claimant's argument that the ALJ failed to identify any restrictions imposed by

Claimant's medical impairments is contrary to the record. The ALJ considered Claimant's medical impairments. He specifically noted that he "believes that Claimant is [not] at all times symptom-free." Accordingly, he found that she was limited to lifting 20 lbs. at a time with frequent lifting or carrying or objects weight up to 10 lbs. He also found that she can stand/walk up to 2 hours in an 8 hour day. Finally, the ALJ stated that Claimant should only occasionally be required to squat, kneel, crawl and bend.

While Claimant did complain of additional limitations, the ALJ properly discredited claimant's testimony as noted above.

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.


Date:   March 16, 2007                                         /s/ DEAN WHIPPLE
                                                                    Dean Whipple
                                                               United States District Court